UNITED STATES DISTRICT COURT
EASTERN DISTCT OF MICHIGAN
SOUTHERN DIVISION

JESS AARON RITZ,

        Plaintiff,          Civil Action No.: 14-13038
                                    Honorable Thomas L. Ludington
        v.                Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 18, 19]**

Plaintiff Jess Aaron Ritz appeals a final decision of Defendant Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions, referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence, and therefore **RECOMMENDS** that:

- the Commissioner's motion **[R. 19]** be **GRANTED**;

- Ritz's motion **[R. 18]** be **DENIED**; and,

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

I.   **BACKGROUND**

   A.   **Claimant's Background and Claimed Disabilities**

At the time of the hearing, Ritz was a 36-year-old father of two, who had completed eleventh grade and had worked previously as a caregiver and construction worker. He claimed disability as a result of avascular necrosis[1] of the hip, gouty arthritis, high blood pressure and attention deficit disorder. In July 2012, after his application but prior to his administrative hearing, Ritz fractured his ankle and underwent an external fixation to repair it.

   B.   **Procedural History**

Ritz filed applications for DIB and SSI, alleging disability as of October 25, 2011. [R. 16-5, Tr. 126-41]. The claims were denied initially, and Ritz filed a timely request for an administrative hearing, held on February 12, 2013, at which both he and a vocational expert ("VE") testified. [R. 16-2, Tr. 33-53; R. 16-4, Tr. 86-92]. In a March 1, 2013 written decision, the ALJ found Ritz not disabled. [R. 16-2, Tr. 16-32]. The

---

[1] "Avascular necrosis is the death of bone tissue due to a lack of blood supply." Mayo Clinic (January 8, 2016), http://www.mayoclinic.org/diseases-conditions/avascular-necrosis/basics/definition/con-20025517

Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-4]. Ritz timely filed for judicial review. [R. 1].

**C.   The ALJ's Application of the Disability Framework**

DIB and SSI are available for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).[2] Second, if the claimant has not had a severe impairment or a combination of such impairments[3] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an

---

[2] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.

[3] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 1520(c); 920(c).

3

impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Ritz was not disabled. At step one, he found that Ritz had not engaged in substantial gainful activity since his alleged onset date. [R. 16-2, Tr. 21]. At step two, the ALJ identified severe impairments of "status post left ankle fracture with open reduction internal fixation, avascular necrosis of the right hip and left hip, attention deficit disorder/attention deficit hyperactivity disorder (ADD/ADHD), and gout." [*Id.*]. At step three, the ALJ found that none of Ritz's severe impairments, either alone or in combination, met or medically equaled a listed impairment, specifically comparing them to the relevant listings. [*Id.*, Tr. 22-23].

4

Next, the ALJ assessed Ritz's residual functional capacity ("RFC"), finding him capable of a limited range of sedentary work that involved only occasional climbing of ramps and stairs, balancing, stooping, crouching, crawling, kneeling and operating foot controls and no climbing of ladders, ropes or scaffolds. [*Id.*, Tr. 23]. The RFC further indicated that Ritz must be able to use a hand-held assistive device for prolonged walking or walking over uneven terrain, while the contralateral upper extremity could be used to lift and carry up to exertional limits. [*Id.*]. Ritz was limited to avoiding concentrated exposure to moving machinery and all exposure to unprotected heights or hazards. [*Id.*]. Finally, the ALJ limited Ritz to "simple, routine, and repetitive tasks, performed in a work environment free of fast-paced production requirements; involving only simple[ ] work-related decisions[ ] with few, if any, workplace changes." [*Id.*].

At step four, the ALJ determined that Ritz's RFC prevented him from returning to his past relevant work as a caregiver. [*Id.*, Tr. 26]. However, with the assistance of VE testimony, the ALJ concluded at step five that there were a significant number of other jobs that a hypothetical claimant matching Ritz's profile could still perform, including visual inspector (1,500 jobs in the region), assembly (3,000 jobs) and packaging (2,100 jobs). [*Id.*, Tr. 27]. Thus, Ritz was found to be not disabled. [*Id.*, Tr. 28].

**II.	STANDARD OF REVIEW**

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

With these standards in mind, this Court finds that the ALJ's determination that Ritz is not disabled is supported by substantial evidence.

**III.	ANALYSIS**

Ritz argues that the ALJ erred by finding that Ritz's avascular hip necrosis did not meet or medically equal a listing; by making an unsupportable credibility determination; and by relying on erroneous VE testimony. The Court finds no merit in Ritz's arguments.

A. Listing 1.02

The Court disagrees with Ritz's argument that the ALJ erred by finding that his avascular hip necrosis did not meet the criteria of Listing 1.02 (major dysfunction of a joint). That Listing requires "gross anatomical deformity" and "chronic joint pain and stiffness with signs of limitation of motion" or "abnormal motion" and "findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction or ankylosis", involving "one major peripheral weight-bearing joint . . . resulting in inability to ambulate effectively." 20 C.F.R. Pt. 4, subpt. P, Appx. 1, §1.02. The inability to ambulate is defined generally as "an extreme limitation of the ability to walk." *Id.* § 1.00B2b(1). A claimant will be found unable to ambulate effectively if, for example, he cannot walk "without the use of a walker, two crutches[,] or two canes," cannot "walk a block at a reasonable pace on rough or uneven surfaces," or "carry out routine ambulatory activities, such as shopping and banking." *Id.* § 1.00B2b(2).

Here, the ALJ compared Ritz's hip necrosis to Listing 1.02, but found

that he did not meet or medically equal the listing. [R. 16-2, Tr. 22]. Although the ALJ did not specifically mention the inability to ambulate effectively with regard to Listing 1.02, he did when comparing Ritz's other impairments to Listings 1.03 and 1.06, which similarly require a finding of ineffective ambulation. [*Id.*]. Further, although Ritz points to evidence showing the general severity of his necrosis, [R. 18, PgID 422-23], he presents no evidence demonstrating ineffective ambulation, and it is his burden to demonstrate that his impairment meets or medically equals a listing. *Forrest v. Comm'r of Soc. Sec.*, 591 Fed. Appx. 359, 366 (6th Cir. 2014).

    Moreover, the evidence of record supports the ALJ's finding. Ritz was diagnosed with right hip avascular necrosis in June 2011, given the option to decide "where and when he would have the surgery," and prescribed Percocet for pain. [R. 16-7, Tr. 212-16, 219, 225-30]. He presented with a right-side limp, but there is no indication that an assistive device was prescribed. [*Id.*, R. 215-16]. At a follow-up visit he reported good pain control using less than the prescribed Percocet dosage. [*Id.*, Tr. 249]. After an exacerbation of pain in November 2011, his Percocet dosage was increased – an adjustment that he subsequently reported was successful for controlling his pain. [*Id.*, Tr. 257-58, Tr. 265-66, 277, 279].

There is no evidence of a treating provider ever prescribing a hand-held assistive device for Ritz's hip pain. Ritz did use crutches following his ankle surgery in August 2012, [*Id.*, Tr. 341-42], but there is no evidence that he was dependent upon them after his recovery.

Consultant reviewer Natalie Gray, M.D., opined that Ritz would require an assistive device for prolonged ambulation or uneven terrain, but found him capable of ambulation and of carrying small objects with this other hand. [R. 16-3, Tr. 59-61]. Notably, she considered Listing 1.02 when determining Ritz's RFC. [*Id.,* Tr. 59-60]. Ritz has offered no evidence demonstrating that his impairment meets all the requirements of Listing 1.02, and the Court finds no error in the ALJ's step three finding.

### B. Credibility Determination

Credibility determinations of witnesses are within the province of the ALJ, and will not be overturned "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir.2001). At the same time, "such determinations must find support in the record." *Rogers*, 486 F.3d at 241. Here, Ritz has not proffered a compelling reason to overturn the ALJ's credibility determination, and that determination finds support in the record.

Ritz argues that the ALJ minimized his credible allegations of pain, which he alleges are supported by the medical records and the third-party

9

report from his neighbor. However, as discussed above and by the ALJ, Ritz's treatment notes described his pain as being well-controlled with Percocet. [R. 16-2, Tr. 26; R. 16-7, Tr. 249, 265-66, 277, 279]. Further, the ALJ also relied on the only opinion of record, that of Dr. Gray, to determine that Ritz's subjective allegations were less than fully credible. *Kirkland*, 528 Fed. Appx. at 427 (ALJ did not err in relying in part on agency physicians to find claimant less than fully credible).

In the same vein, the ALJ properly relied upon the opinions of a treating physician and a State agency psychologist to determine that Ritz's ADD was well controlled by medication. [R. 16-2, Tr. 25; R. 16-7, Tr. 249, 257, 277; R. 16-3, Tr. 58-59].

It is true that the ALJ did not discuss the third-party report from Ritz's neighbor,[4] but any error as a result is harmless. According to 20 C.F.R. § 404.1513(d)(4), the ALJ may consider non-medical sources including family members and friends, but is not required to do so. See *Holbrook v. Astrue*, No. CIV.A. 07-78-JBC, 2008 WL 4000423, at *3 (E.D. Ky. Aug. 25, 2008) ("The regulation clearly states that the ALJ may take non-medical sources into consideration, not that he is required to do so."). Moreover, an ALJ's failure to consider lay source evidence cannot be more than harmless error

---

[4] The neighbor's third party report is found at R. 16-6, Tr. 182-189].

10

unless it would affect the disability decision and is fully supported by the reports of treating physicians. *Maloney v. Comm'r of Soc. Sec.*, 480 Fed. Appx. 804, 810 (6th Cir. 2012); *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004). Here, the treatment records showed Ritz receiving conservative treatment for his condition and that he reported good pain control. [R. 16-6, Tr. 182-97; R. 16-7, Tr. 249, 265-66, 277, 279].

Similarly, although Ritz is correct that the ability to perform minimal daily activities does not mean that he is capable of working on a full-time basis, *see Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377-78 (6th Cir. 2013), any error by the ALJ in relying in part on his activities of daily living to find him less than fully credible would be harmless given the evidence that his pain was well-controlled with medication and that he was capable of ambulation.

The Court finds no error in the ALJ's credibility analysis and no compelling reason to overturn it.

### C. VE testimony

Finally, Ritz argues that the ALJ erred in relying on VE testimony identifying jobs that either do not exist or that Ritz could not actually perform given his impairments and his lack of a high school diploma. At the hearing, the VE testified to jobs that a person with Ritz's RFC and

11

education could perform. [R. 16-2, Tr. 37, 47-50]. "An ALJ may rely on a vocational expert's response to a hypothetical question if that question was based on limitations that were properly credited by the ALJ and supported by substantial evidence in the record." *Keeton v. Comm'r of Soc. Sec.*, 583 Fed. Appx. 515, 533 (6th Cir. 2014). Here, the ALJ's RFC assessment was supported by substantial evidence, so he was entitled to rely upon the VE's testimony.

## IV.   CONCLUSION

The ALJ's decision was procedurally sound and supported by substantial evidence of record. As a result, the Court **RECOMMENDS** that Ritz's Motion for Summary Judgment **[R. 18]** be **DENIED**, the Commissioner's Motion **[R. 19]** be **GRANTED** and this case be **AFFIRMED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: January 11, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

13

limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 11, 2016.

                                               s/Marlena Williams
                                               MARLENA WILLIAMS
                                               Case Manager